SCOTT J. HYMAN (State Bar No. 148709)
sjh@severson.com
LOREN W. COE (State Bar No. 273124)
lwc@severson.com
SEVERSON & WERSON
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 225-7951
Facsimile: (949) 442-7118

Attorney for Defendant
LEGO SYSTEMS, INC., a Delaware Corporation
d/b/a LEGO.COM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEGO SYSTEMS, INC., a Delaware Corporation d/b/a LEGO.COM, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>(Removed from the Superior Court of California in and for the County of Los Angeles, Case No. 23STCV00833) |

Defendant LEGO SYSTEMS, INC., a Delaware Corporation, d/b/a LEGO.COM ("Defendant") hereby gives notice of removal of the action captioned *Miguel Esparza v. Lego Systems, Inc.*, Case No. 23STCV00833, Superior Court of the State of California, County of Los Angeles (the "State Court Action") to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332(a), and 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, Defendant states as follows:

/ / /

/ / /

# BACKGROUND

1. On or about January 17, 2023, Plaintiff filed the State Court Action.

2. On January 19, 2023, Plaintiff personally served the State Court Action Complaint on Defendant.

3. Plaintiff alleges that Defendant secretly wiretaps the private conversations of everyone who communicates through the chat feature at www.lego.com and allows at least one third party to eavesdrop on such communications in real time and during transmission to harvest data for financial gain.

4. Plaintiff alleges that these actions constitute violations of the California Invasion of Privacy Act ("CIPA") under Cal. Penal Code §§ 631 and 632.7.

5. Plaintiff seeks an order declaring that Defendant's conduct violates CIPA, and seeks statutory damages pursuant to CIPA, punitive damages, reasonable attorneys' fees, and costs, and all other relief that would be just and proper as a matter of law or equity, as determined by the court.

# DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. The Notice of Removal was properly filed in the United States District Court for the Central District of California because the Superior Court of the State of California County of Los Angeles is located within the Central District of California. Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

8. The Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service.

9. A copy of the Complaint and all other pleadings served to date are attached hereto as Exhibit A.

///

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy, along with a Notice to Clerk of Removal, will be promptly filed with the Clerk of the Superior Court of the State of California County of Los Angeles.

## JURISDICTION

11. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which grants federal district courts jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY EXISTS

12. Complete diversity of citizenship exists when each plaintiff is a citizen of a different state from each defendant. *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983). A corporation is deemed to be a "citizen" of "every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business in Enfield, Connecticut. Therefore, Defendant is a citizen of Delaware and Connecticut.

14. Plaintiff alleges that he is a resident of California. Compl. ¶ 4. Therefore, Plaintiff is completely diverse from Defendant. 28 U.S.C. § 1332.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. While Defendant denies liability as to Plaintiff's claims, Defendant has a reasonable good faith belief that the amount in controversy, as alleged and pled in this action by Plaintiff, exceeds $75,000, exclusive of interest and costs.

16. Plaintiff's failure to specify the amount of damages sought does not deprive this Court of jurisdiction. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding plaintiff's failure to

plead a specific dollar amount in controversy; if rules were otherwise, "any plaintiff could avoid removal simply by declining … to place a specific dollar value on its claim").

17. Where damages are not specified in the pleadings, the court may rely on written settlement demands to establish the amount in controversy. *See Arellano v. Home Depot USA., Inc.*, 245 F. Supp. 2d 1102, 1108 (S.D. Cal. 2003); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Fox v. Foot Locker Retail, Inc.*, No. 11cv2805 WQS (BGS), 2012 WL 216561, at *2 (S.D. Cal. Jan. 23, 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)) ("Documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability."); *Munoz v. J.C. Penney Corp., Inc.*, No. CV09-0833 ODW (JTLx), 2009 WL 975846, at *3 (C.D. Cal. Apr. 9, 2009) (holding that settlement proposal letter does not offend Rule 408 when "used simply to show that the amount in controversy is met").

18. Plaintiff's attorney conveyed a settlement demand to Defendant on February 7, 2023, in which he stated that Plaintiff's "preference would be for a class settlement involving all California residents who were exposed." Plaintiffs' estimate suggests at least 10,000 individuals at a statutory penalty rate of $5,000 per class member. This would bring the amount in controversy to $50 million. Plaintiff proposed an alternative settlement demand, for individual resolution, for "a total of $195,000 inclusive of statutory penalties, damages, attorneys' fees, and costs."

19. By Plaintiff's own admission, the amount in controversy requirement is met.

/ / /

/ / /

/ / /

# CONCLUSION

WHEREFORE, Defendant LEGO SYSTEMS, INC., a Delaware Corporation, d/b/a LEGO.COM hereby removes this civil action from the Superior Court of the State of California, County of Los Angeles, to this Court, under 28 U.S.C. § 1332(a), and 28 U.S.C. §§ 1441 and 1446.

DATED: February 21, 2023

By: *s/ Loren W. Coe*
Loren W. Coe (SBN 148709)
SEVERSON & WERSON
Attorney for Defendant

LEGO SYSTEMS, INC., a Delaware Corporation, d/b/a LEGO.COM